Mr. Chief Justice Johnson delivered the opinion of the Court. The fourth and last count of the indictment avers that, by means of divers false, fraudulent and unlawful pretences, the accused obtained the property, &c. It is not sufficient to charge false pretences in general terms, but it is necessary to set them out specifically and with strict certainty. (See R. v. Mason, 2 T. R. 581. Moffitt vs. The State, 6 Eng. 171, 174.) That count is therefore clearly bad. The representations contained in the second and third counts, had reference to transactions that had not then taken place, and consequently could not amount to a false pretence within the meaning of the statute. (See McKenzie vs. The State, decided at January term, 1851.) The first count charges that the accused represented to Hodge that divers persons had conspired and agreed to seize a certain negro boy slave named Bill, of the value of five hundred dollars, of the property of him the said Richard S. Hodge, by which he, the said Richard S. Hodge, would unjustly and unlawfully be deprived of the said negro boy Bill, he, the said Tin-drell Burrow, well knowing, at the time, that no such conspiracy or agreement was in existence, by means of which said representations he, the said Tindrell Burrow, induced him, the said Richard S. Hodge, to convey to him, the said Tindrell Burrow, the said negro boy Bill, &c. This count, it is conceded, is not liable to the objection made against the second and third, yet it is believed to be equally defective upon other and different grounds. It is admitted that it represents a conspiracy as having been actually formed for the purpose of seizing upon the property, and thereby depriving Hodge of it; but the question is, whether the representation complained of is of so definite and plausible a character as to drive from his propriety a man of ordinary capacity, and to induce him to divest himself of his property. The appeal here is not to the cupidity, but it is aimed directly at the fears of the party charged to have been defrauded. Can it be supposed that a man of ordinary prudence and capacity would credit, for one moment, so vague and indefinite a statement? We think not. He was not informed who they were that conspired against him, for what offence he was about to be prosecuted, or of any thing else sufficiently specific to operate upon the fears of any sane individual. (See 4 Hill 12, The People vs. Williams.) It was not the intention of the statute to convert every fraud which might fall within the cognizance of a court of Equity into a criminal offence, and to protect every individual from the consequences of his own credulity, imprudence or folly; but it was designed to extend no further than to embrace such representations as were accompanied with circumstances fitted to deceive a person of common sagacity and exercising ordinary caution. We feel satisfied that the representation complained of in the first count, was not such an one as ought to have influenced the conduct or excited the fears of any man in tbe exercise of his reason, and that therefore it does not fall within the operation of the act. See 14 Wend., the People vs. Haynes, at pages 572-73, and The State vs. McKenzie, decided by this court at January term, 1851. Another ground of objection to the judgment of the court below, relates to the manner of swearing the jury who sat upon the trial. They were “severally tiled and sworn to try and true deliverance make between the State of Arkansas and said Tindrell Burrow.” This swearing was not in accordance with the law as it has been repeatedly decidedby this act. See Patterson vs. The State, 2 Eng. R. 59. Smith Bell vs. The State, 5 Eng. R. 536. Sandford vs. The State, 6 Eng. We are clear, therefore, that the judgment of the court below is erroneous, and ought to be reversed. Let the judgment of the Poinsett Circuit Court, herein rendered, be reversed, and the cause remanded, to be proceeded in according to law.